# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



| | |
|---|---|
| G2 ENTERPRISES, LLC, | ) |
| Plaintiff, | ) No. 05 C 5803 |
| v. | ) Judge John W. Darrah |
| VICTOR NEE and NEEONIX, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, G2 Enterprises, filed suit, alleging breach of contract by Neeonix and rights of rescission pursuant to the California Corporations Code. Defendant, Victor Nee, raised compulsory counterclaims of breach of contract and misrepresentation. In addition, Nee filed a third-party complaint against Sebastion Grande and Jeff Galant, the owners of G2 Enterprises, as individuals, for tortuous misrepresentation. Currently before the Court is Grande's and Galant's Motions to Dismiss for Lack of Personal Jurisdiction.

## BACKGROUND

G2 Enterprises is a limited liability company incorporated in California. Galant and Grande are the only members, and each own fifty percent of G2 Enterprises. Galant and Grande reside in and conduct their business in California.

Neeonix had been an Indiana corporation; however, it was dissolved in 1989. Nee was the sole director, officer, shareholder, and agent for service of process for Neeonix. Currently, Nee lives in Scottsdale, Arizona.

G2 and Neeonix entered into a written contract approximately August 5, 2003. The contract set forth the terms and conditions for G2 and Neeonix to invest in China Commodities Exchange ("CCE") and China Credit Insurance and Reinsurance ("CCIR").

The contract provided that G2 was to pay Neeonix $300,000, which G2 paid. In return, Neeonix was required to purchase a percentage of equity in CCE and CCIR. Neeonix was also to furnish documents providing that the equity purchased was free of liens. Furthermore, Neeonix was to provide a document to G2 confirming that a $600,000 line of credit had been granted to purchase goods from CCE. Neeonix did none of the above.

The contract contained a forum-selection clause that designated any federal or state court sitting in Chicago, Illinois with exclusive jurisdiction. Nee alleges that he did not bargain for personal jurisdiction – but that the rest of the contract is valid. None of the parties live in Illinois nor are any of the corporations incorporated here. In addition, other than the forum-selection clause contained in the contract, there is no indication in the complaints or answers that there are any ties to Illinois .

## ANALYSIS

A motion to dismiss for lack of personal jurisdiction tests whether a federal court has personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). The court can only exercise personal jurisdiction over a non-resident defendant "if a court of the state in which it sits would have such jurisdiction." *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir.1995). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir.1997) (*RAR*). A court can look to affidavits and exhibits submitted by each party. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir.1987) (*Turnock*). Jurisdictional allegations are taken as true, unless controverted by the defendant. *See Turnock*, 816 F.2d at 333. Furthermore, all factual disputes must be resolved in favor of the plaintiff. *See Turnock*, 816 F.2d at 333.

A determination of whether this Court has personal jurisdiction over the non-resident Defendants requires an examination of three sources of law: "(1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." *RAR*, 107 F.3d at 1276.

The Illinois long-arm statute provides, in part, that personal jurisdiction may be exercised over defendants that commit certain enumerated acts within Illinois or "on any other basis . . . permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS § 5/2-209(a)(2), (c). The statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit. "The statutory analysis collapses into a due process inquiry and [the court] need not consider whether the defendants engaged in any of the acts enumerated in the long-arm statute." *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Partnership*, 34 F.3d 410, 411 (7th Cir.1994); *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 834 (N.D. Ill. 2000); *LaSalle National Bank v. Vitro*, 85 F. Supp. 2d 857, 860 (N.D. Ill. 2000); *LFG, LLC. v. Zapata Corp.*, 78 F.Supp.2d 731, 735 (N.D. Ill. 1999).

*Minimum Contacts*

The Fourteenth Amendment Due Process Clause permits a court to exercise jurisdiction over a non-resident defendant only if the defendant has had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), *quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940); *Neuman & Assoc. v. Florabelle Flowers*, 15 F.3d 721, 725 (7th Cir.1994). This determination depends on whether the plaintiff asserts general or specific jurisdiction against the defendant. *RAR*, 107 F.3d at 1277. "General jurisdiction is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contact' with the forum state."

*RAR*, 107 F.3d at 1277. Specific jurisdiction "refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contact with the forum.'" *RAR*, 107 F.3d at 1277, *quoting Helicopteros Nacionales de Columbia, S.A. v. Hall*, 486 U.S. 408 (1984).

Presently, Nee does not assert that Galant and Grande have any contacts with Illinois; they live and work in California. Personal jurisdiction cannot rest on "minimum contacts," as there are no contacts.

*Forum-Selection Clause*

Parties may consent in advance to submit their controversies to a particular forum. *See RAR*, 107 F.3d at 1280. Consent can be implied or express. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1290 (7th Cir.1989). The consent of G2 Enterprises and Neeonix is express based on the contract language "the parties hereby consent to the personal jurisdiction of any federal and state court sitting in Chicago, Illinois in connection with any claim or action under or in connection with this Agreement and agree that any such claim or action will be brought exclusively in such courts unless the parties agree otherwise in writing." Consent to suit in a particular forum is an independent ground for the exercise of personal jurisdiction, separate and distinct from any personal jurisdiction based on a minimum contacts analysis. *Burger King Corp. v. Rudzewiz*, 471 U.S. 462, 473 n. 14 (1985). Nee insists that personal jurisdiction over Galant and Grande can be based on the forum-selection clause contained in the contract between G2 Enterprises and Neeonix.

The forum-selection clause clearly applies to G2 Enterprises and Neeonix. The issue is whether the forum-selection clause applies to Galant and Grande and confers jurisdiction over them pursuant to the third-party complaint.

4

Under Illinois law, "when an officer signs a document and indicates next to his signature his corporate affiliation then absent evidence of contrary intent in the document, the officer is not personally bound." *White & Brewer Trucking, Inc. v. Donley*, 952 F.Supp. 1306, 1315 (C.D. Ill.1997) *quoting Wottowa Ins. Agency v. Bock*, 104 Ill. 2d 311, 313 (1984); *Media Comm., v. Multimedia, Sign Up, Inc.*, No. 99 C 5009, 1999 WL 1212652, *2 (N.D. Ill. Dec.14, 1999). Galant and Grande are not parties to the contract. Galant signed the document in his official capacity, binding only G2 Enterprises. The contract does not mention Galant or Grande, personally, and only references G2 Enterprises and Neeonix.

An exception to this general rule exists where "there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and circumstances are such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Kaeser & Blair, Inc. v. Willens*, 845 F. Supp. 1228, 1234 (N.D. Ill.1993). This exception is known as piercing the corporate veil. Nee alleges no facts that could support a finding that the corporate veil should be pierced. His only claim is that because Galant and Grande are the sole owners of G2 Enterprises, they must be the same. "Illinois does not treat closely held corporation shareholders and officers differently from those of large, public corporations." *Stafford v. Puro*, 63 F.3d 1436, 1442 (7th Cir.1995).

The forum-selection clause of the contract is not applicable to Galant and Grande as individuals, and personal jurisdiction over them cannot be based thereon.

*Fiduciary-Shield Doctrine*

Nee asserts that Galant and Grande's only defense to personal jurisdiction is if they fall within an exception to the fiduciary-shield doctrine. It is unnecessary to determine if the fiduciary-shield doctrine applies. The fiduciary-shield doctrine "prevents courts from asserting

5

jurisdiction over a [non-resident] on the basis of acts taken by that person not on his own behalf, but on behalf of his employer." *Rollins v. Ellwood*, 141 Ill. 2d 244, 253 (1990) (*Rollins*). However, the doctrine requires, first, that there be a basis for jurisdiction. The doctrine is just that – a shield – even if Galant and Grande fell within the exception, it would not confer jurisdiction. Courts that have applied the fiduciary-shield doctrine found that they could exercise personal jurisdiction over the defendant because the defendant satisfied the Illinois long-arm statute, but those courts also found that exercising jurisdiction would be unfair pursuant to the fiduciary- shield doctrine. *See generally Rollins*, 141 Ill. 2d at 268-69 (Rollins suit arose out of Ellwood's coming to Illinois and allegedly committing several intentional torts, and the fiduciary shield was invoked to deny personal jurisdiction); *YKK USA, Inc., v. Baron*, 976 F. Supp. 743, 747 (N.D. Ill.1997) (corporation was a sham; and, therefore, its contacts could be attributed to the officers and shareholders); *Club Assistance Program, Inc., v. Zukerman*, 594 F. Supp. 341, 345 (N.D. Ill.1984); *Washburn v. Becker*, 186 Ill. App. 3d 629, 632-34 (1989). Galant and Grande do not have minimum contacts with Illinois, nor is the forum- selection clause applicable to them. Because there is no basis for this Court's exercising personal jurisdiction over Galant and Grande, it is unnecessary to determine if personal jurisdiction should be denied on the basis of the fiduciary shield doctrine.

## CONCLUSION

Galant's and Grande's motions to dismiss the third-party complaint for lack of personal jurisdiction are granted.

Dated: June 7, 2006

JOHN W. DARRAH
United States District Court Judge